*CINCINNATI TRACTION CO. v. EDWARD J. RUTHMAN, A MINOR, BY
HIS NEXT FRIEND.

1. WEIGHING PLAINTIFF'S EVIDENCE IN NEGLIGENCE CASE REQUIRES
   SEPARATION OF EVIDENCE TENDING TO PROVE ESSENTIAL FACTS OF HIS
   CASE FROM THAT TENDING OTHERWISE.

   An issue of failure to exercise due care by plaintiff having been
   raised by the pleadings and evidence, an instruction is errone-
   ous that directs the jury to find for plaintiff in the event his
   evidence outweighs that of defendant, especially since they were
   not at the same time directed, before weighing plaintiff's evi-
   dence to separate, without regard to source, such evidence as
   tends to prove the essential facts of his case from that which
   tends otherwise.

2. MOTORMAN NOT REQUIRED TO USE EVERY POSSIBLE EFFORT TO AVOID
   COLLISION.

   The first and highest duty of a motorman is owing to the pas-
   sengers on his car; hence a charge that "it was his duty to make
   every effort to check his car or stop his car, if necessary, in
   order to avoid injury" by collision, being liable to be construed
   as meaning "every possible effort," is more than the law re-
   quires.

ERROR to common pleas court.

*Kinkead & Rogers*, for plaintiff in error.

*Frank Seinsheimer* and *Thomas L. Michie*, for defendant
in error.

GIFFEN, P. J.

Although counsel for plaintiff in error does not urge the
ground stated in the petition in error that the verdict is not
sustained by sufficient evidence, we have read the same to ascer-
tain whether the alleged errors in the charge of the court are
prejudicial.

The pleadings and the evidence make a case where the
plaintiff's exercise of due care. is presented for determination,
and a charge which misleads the jury to its conclusion upon
that issue without considering all the evidence is erroneous.

*Reversed, no op., *Cincinnati Trac. Co.* v. *Ruthman*, 85 O. S. 000;
56 Bull. 375.

Hamilton County.

The court charged as follows:

"Preponderance has reference to something that has weight, or that may be weighed. You can not, of course, by a pair of scales, weigh the evidence in this case as you would a material solid substance, but you can in your minds weigh the evidence by putting into one side of an imaginary scale or balance all the evidence offered by the plaintiff and into the other side of the scale or balance all the evidence offered by the defendant, and then in your minds determine which evidence, the plaintiff's or the defendant's, is the weightier or heavier.

"Before the plaintiff can recover in this action the evidence offered in his behalf must outweigh in your minds the evidence offered on behalf of the defendant."

The law recognizes and experience teaches that the evidence offered by the plaintiff in an action founded upon negligence, often shows that he himself is at fault; but if such evidence is placed on plaintiff's side of the scales it will add nothing to the weight of defendant's side. Before proceeding to weigh the evidence the jury must separate that which tends to prove the essential facts of plaintiff's case from that which tends otherwise, without regard to its source. A charge similar in effect was condemned in the case of *Robison* v. *Gary*, 28 Ohio St. 241.

The motorman was bound to exercise ordinary care only, and the court so told the jury in a special instruction given at request of the defendant; but in the general charge he said "It was his duty to make every effort to check his car or stop his car, if necessary, in order to avoid injury."

The jury would be liable to construe this as meaning "every possible effort," which is more than the law requires in an emergency like the one presented by the evidence. The first and highest duty of the motorman was owing to the passengers on his car. *New York, C. & St. L. Ry.* v. *Kistler,* 66 Ohio St. 326 [64 N. E. Rep. 130].

The cross-examination of the motorman was proper as reflecting on his conduct at the time of the collision and his

Railway v. Hines.

version of it.   There was no purpose to introduce a new element of negligence.

The judgment will be reversed for errors in the general charge and the cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.